F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE MARK WHITE,

      Petitioner - Appellant,

v.

GLYNN BOOHER,

      Respondent - Appellee.

No. 02-7007
(D.C. No. 00-CV-406-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This case is before the court on George White's *pro se* request for a certificate of appealability ("COA"). White seeks a COA so that he can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because White has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

White was convicted in Oklahoma state court of Attempting to Manufacture a Controlled Dangerous Substance (methamphetamine). After exhausting his state remedies, White filed the instant § 2254 habeas petition raising the following four claims: (1) his conviction was not supported by sufficient evidence; (2) his trial was rendered fundamentally unfair because the state court denied his motion to sever his trial from the trial of his co-defendant; (3) the state court erred in refusing to suppress the fruits of a traffic stop of his truck; and (4) the state court erred in refusing to suppress the fruits of an inventory search of the truck. In a thorough and well-stated order, the district court addressed the sufficiency of the evidence and severance questions on the merits and determined that the decision of the Oklahoma Court of Criminal Appeals denying relief as to these issues was neither contrary to nor an unreasonable application of Supreme Court precedent. *See id.* § 2254(d). As to White's claims regarding the seizure and search of his truck, the district court reviewed the record and determined that White had been afforded an opportunity to fully and fairly litigate these Fourth Amendment claims in Oklahoma state court. Accordingly, White was barred from obtaining

habeas relief on these grounds under the decision of the Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976).

This court may issue White a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). This court has closely reviewed White's application for a COA and appellate brief, the district court's order, and the entire record on appeal. That review demonstrates that the district court's resolution of White's petition is not reasonably debatable and that the issues he seeks to present on appeal are not deserving of further proceedings. Accordingly, we **DENY** White's request for a COA and **DISMISS** this appeal for substantially those reasons set out in the district court's order dated December 27, 2001. White's request to proceed on appeal *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge


-3-